SMITH, Judge.
Appellant appeals the circuit court’s denial of his motion for post-conviction relief filed pursuant to Rule 3.850, Florida Rules of Criminal Procedure. The motion was based upon appellant’s contention that the state denied his rights of due process and compulsory process under both the United States and Florida Constitutions by concealing the whereabouts of a material witness prior to his trials below. We affirm.
The facts underlying appellant’s claims have been fully delineated by this court in Ashley v. State, 433 So.2d 1263 (Fla. 1st DCA 1983) (Ashley I), and hence will not be repeated here.[1] For our purposes, we simply note that, following the court’s opinion in Ashley I, appellant applied to the circuit court for post-conviction relief, and received two evidentiary hearings at which the confidential informant, “Loggie,” and appellant’s trial counsel testified. At the conclusion of these hearings, the circuit court found that the proffered testimony of Loggie did not create a reasonable doubt as to appellant’s guilt. The court based this conclusion on its finding that, on the whole, Loggie’s testimony was consistent with that of Officer Daniels, the only witness supplying inculpatory testimony at appellant’s trial.
We affirm the trial court’s order as reflecting a proper application of the legal test for materiality under the circumstances of this case, as spelled out by this court in Ashley I. There, we held that the test for materiality of newly-obtained evidence proffered in support of a defendant’s request for a new trial- is whether the proffered evidence creates a reasonable doubt of the defendant’s guilt that did not otherwise exist. 433 So.2d at 1270. Our review of the record convinces us that the trial court’s finding that Loggie’s testimony failed the aforementioned test of materiality is supported by ample evidence.
We see no need to elaborate upon each and every factual nuance that may be extracted from the record of this protracted litigation. Instead, we focus on the most critical factual aspect of this case which was brought out in the proceedings below. As noted in our prior opinion, appellant’s trial counsel succeeded on April 17, 1981, in obtaining an affidavit from Loggie stating that he was present on the two occasions when appellant was alleged to have sold heroin to Officer Daniels, February 5 and February 18, 1975, and that appellant did not sell any drugs to Daniels on these occasions. It is obvious from our Ashley I decision that it was this allegation that persuaded this court to authorize appellant to seek further relief pursuant to Rule 3.850, rather than through a writ of error coram nobis. However, at one of the hearings before the circuit court on the present 3.850 motion, Loggie testified “live” before the court that, in contradiction to his claim in his affidavit that he had been with Officer Daniels “24 hours a day” from January through March 1975, he knew that Daniels had made drug purchases out of his presence during that time. Furthermore, Loggie admitted that he could not state with certainty where he was on February 5 and February 18, 1975, the dates on which Daniels allegedly purchased the heroin from appellant. On this record, we hold that the trial court correctly denied appellant’s motion for new trial based upon newly-discovered evidence, based on the court’s conclusion that Loggie’s testimony did not create a reasonable doubt as to appellant’s guilt. Ashley I, 433 So.2d at 1270.
*839 We also reject appellant’s alternative contention that Loggie’s testimony created a reasonable doubt as to appellant’s guilt by reason of its asserted impeachment value. For one thing, Loggie retracted certain aspects of his impeaching affidavit testimony at the hearing below. More importantly, Loggie’s so-called impeachment testimony was concerned primarily with collateral matters, such as whether or not Daniels utilized women drug users to purchase heroin from appellant, and whether he was actually living in the same apartment with Daniels during the time in question. As discussed above, Loggie’s testimony on the key question of whether Officer Daniels purchased heroin from appellant was inconclusive and contradictory. Since the test for materiality of non-disclosed impeachment evidence is the same as that for direct testimony, that is, whether its suppression “undermines confidence in the outcome of the trial,” United States v. Bagley, — U.S. -, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985), appellant’s contention that the trial court should have granted a new trial on the basis of Loggie’s “impeaching” testimony is not well taken.
One final point merits discussion. Appellant argues that the circuit court erroneously found that the state’s culpability in causing Loggie’s non-appearance at trial was not an issue below.[2] Although open to misinterpretation, we believe that this finding disputed by appellant should be read as meaning that appellant offered no new evidence or arguments on this issue. The circuit court was, of course, bound by our prior opinion in Ashley I regarding the legal import of certain alleged facts concerning the conduct of the state in either failing to keep up with Loggie’s whereabouts, or in disclosing what was, or should have been, known to the state regarding the same. Viewed in this light, we find no evidence presented by appellant below to change what we said in Ashley I on this issue.[3] Finally, we note that the test for materiality — whether or not the non-disclosed evidence would create a reasonable doubt as to a defendant’s guilt — should be applied even where the newly discovered evidence was not disclosed because of alleged misconduct by the state in making the evidence unavailable. Ashley I, supra, at 1271. Here, we perceive that the circuit court accepted Ashley I’s finding that appellant made out a prima facie case of culpability on the part of the state regarding Loggie’s unavailability, but correctly applied the applicable test for materiality noted above in denying appellant a new trial. Our view of the record convinces us that this finding was a correct one.
Accordingly, the order appealed from is AFFIRMED.
ERVIN and NIMMONS, JJ., concur.

. Ashley I concerned appellant’s attempt to raise the issues he raises here by way of a petition for writ of error coram nobis. The court in Ashley I denied appellant relief via a coram nobis writ, but made the denial without prejudice to appellant’s right to raise his contentions by way of a 3.850 motion.

. The trial court’s findings on this issue were as follows:
... [appellant] is not suggesting ... that the state intentionally or negligently made the witness Loggie unavailable for trial_(empha-sis in original)

. In Ashley I, we held:
We construe the allegations in petitioner’s application and the attached affidavit to mean that officers of the Jacksonville sheriffs office disregarded the circuit court’s directions to find Loggie, persuaded Loggie to remain outside Florida at the critical time of petitioner’s trial, and withheld information known to such officers which would have informed petitioner both where and how to reach Loggie. This alleged misconduct would clearly violate petitioner’s constitutional rights under the Sixth and Fourteenth Amendments if the requisite materiality of Loggie’s testimony were shown and would require the trial judge to set aside the conviction and order a new trial.